UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARNELL J. NELSON,

    Plaintiff,

    v.

MARK W. EVERSON, *et al.*,

    Defendants.

Case No. C07-0707RSL

ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

## I. INTRODUCTION

This matter comes before the Court on a motion for injunctive relief filed by plaintiff Darnell Nelson. Plaintiff, who is proceeding *pro se*, moves for an order enjoining his employer, the Internal Revenue Service, ("IRS") and its employees from denying him disability benefits, denying him a safe and healthy work location, or terminating his employment with the IRS. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 701; and 42 U.S.C. §§ 1981 and 1981(a). He alleges that he has been discriminated against based on his race and disabilities, denied accommodations,

ORDER DENYING MOTION
FOR PRELIMINARY INJUNCTION - 1

subjected to a hostile work environment, and retaliated against.

## II.  ANALYSIS

**A.    Background Facts.**

Plaintiff has served as an estate tax attorney for the IRS for over 28 years. Plaintiff alleges that he has numerous physical impairments that substantially limit his ability to perform a variety of functions.

Plaintiff alleges that on September 5, 2006, he was required to undergo a performance improvement period ("PIP") for what the agency claimed was unacceptable performance.  Plaintiff argues that his performance was acceptable.  Plaintiff has filed complaints and addenda thereto with the Equal Employment Opportunity ("EEO") office on February 2, 2003, March 13, 2006, October 12, 2006 and February 16, 2007.

In February 2004, plaintiff filed a lawsuit with this Court against the Treasury Department and certain individual employees alleging discrimination and failure to accommodate his alleged disabilities.  Nelson v. Snow, C04-349RSL (W.D. Wash. 2004) ("Nelson I").  The Court dismissed all of plaintiff's claims in Nelson I, and plaintiff is currently appealing those orders.

Plaintiff initiated his most recent EEO complaint on January 4, 2007.  The complaint was made formal on February 16, 2007 and alleged hostile work environment, retaliation, and misconduct by Carolyn Tucker and Charles Morris.  On March 16, 2007, Morris issued a notice of proposed action to remove plaintiff from his IRS employment at any time after April 19, 2007.

**B.    Preliminary Injunction.**

A party is entitled to preliminary injunctive relief when it demonstrates (1) the combination of probable success on the merits and the possibility of irreparable injury, or

ORDER DENYING MOTION
FOR PRELIMINARY INJUNCTION - 2

1  (2) the existence of serious questions regarding the merits and the balance of hardships
2  tips sharply in its favor.  See Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th
3  Cir. 1992).  Each of these tests "requires an examination of both the potential merits of
4  the asserted claims and the harm or hardships faced by the parties."  Sammartano v. First
5  Judicial Dist. Court, in and for County of Carson City, 303 F.3d 959, 965 (9th Cir. 2002).
6  These are not separate tests, but rather represent a continuum of equitable discretion "in
7  which the required probability of success on the merits decreases as the degree of harm
8  increases."  Westlands Water Dist. v. Natural Res. Def. Council, 43 F.3d 457, 459 (9th
9  Cir. 1994).  Plaintiff argues that he is entitled to an injunction because he will suffer
10 irreparable harm if defendants are not enjoined from terminating his employment.

11        As an initial matter, plaintiff has brought claims against various individual
12 employees, but the head of the agency is the only proper defendant for federal workplace
13 discrimination claims.  See, e.g., Johnston v. Horne, 875 F.2d 1415, 1419-20 (9th Cir.
14 1989) (explaining that the agency head was the only proper defendant for discrimination
15 claims under the Rehabilitation Act and Title VII).  For plaintiff's discrimination claims
16 in this case, the only possible proper named defendant is Mark Everson, the
17 Commissioner of the IRS.[1]  Plaintiff, however, has not served Everson.  In fact, he has
18 served only defendant Aileen Condon with the motion, but failed to serve her with a copy
19 of the complaint as required by the Federal Rules of Civil Procedure.  Because plaintiff
20 has not properly served any of the defendants, it is unlikely that this Court has
21 jurisdiction and he is unlikely to prevail on the merits.

22

23
    [1] Plaintiff does not specifically identify the role of the other individual defendants,
24 except to state that they are "managers with the SBSE Division of the IRS, and employees
   of the Treasury Department."  Plaintiff's Motion at p. 2.
25

26 ORDER DENYING MOTION
   FOR PRELIMINARY INJUNCTION - 3

1    Even if plaintiff had properly served the defendants, he has not shown that he is
2 likely to prevail on the merits.  Plaintiff asserts claims under 42 U.S.C. §§ 1981 and
3 1981(a).  As the Court explained when it dismissed plaintiff's Section 1981 claims in
4 Nelson I, the majority of courts have barred Section 1981 suits against the government.
5 See Section 1981(c): "The rights protected by this section are protected against
6 impairment by *nongovernmental* discrimination and impairment *under color of state*
7 *law.*" (emphasis added).[2]

8    In addition, plaintiff has not exhausted his administrative remedies, which is a
9 prerequisite to suit under Title VII and the Rehabilitation Act.  See, e.g., Vinieratos v.
10 United States Dep't of Air Force ex rel. Aldridge, 939 F.2d 762, 769 (9th Cir. 1991).  The
11 scope of a civil action alleging employment discrimination is limited by the charge filed
12 with the EEOC.  See, e.g., Albano v. Schering-Plough Corp., 912 F.2d 384, 386 (9th Cir.
13 1990).  The failure to administratively allege a discrimination claim bars the claim.
14 Brown v. GSA, 425 U.S. 820, 832 (1976).  Plaintiff has not filed copies of his EEOC
15 complaints or described the contents thereof.  The Court will not assume that plaintiff's
16 current allegations are raised in those complaints.

17    Furthermore, among other requirements, a plaintiff may initiate a civil action only
18 if he or she has waited a minimum of 180 days from the date of his or her EEO complaint

---

[2] See also Holloway v. Bentsen, 870 F. Supp. 898 (N.D. Ind. 1994) (granting motion to dismiss IRS employee's Section 1981 claims against her supervisors finding that, as a matter of law, she could not proceed with an employment discrimination complaint against other federal employees in their individual capacities); see also Davis-Warren Auctioneers, J.V. v. FDIC, 215 F.3d 1159 (10th Cir. 2000) ("We join the Seventh and Eleventh Circuits in holding that § 1981 is inapplicable to alleged discrimination under color of federal law.  The language of § 1981(c) could hardly be more clear"); Espinueva v. Garrett, 895 F.2d 1164, 1165 (7th Cir. 1990) ("Section 1981 does not apply to employment discrimination cases involving the federal government").

ORDER DENYING MOTION
FOR PRELIMINARY INJUNCTION - 4

before filing suit in district court. 29 C.F.R. § 1614.407. Plaintiff filed his formal EEO complaint on February 16, 2007 and filed this lawsuit on May 7, 2007. He has not waited the requisite amount of time. Similarly, a claim must be raised administratively within forty-five days of the alleged retaliatory event. 29 C.F.R. § 1614.105(a)(1). Although plaintiff alleges that the notice of proposed action to remove him from his employment was retaliatory, there is no evidence that he raised that allegation with the EEOC. Accordingly, plaintiff has failed to exhaust his administrative remedies, and is therefore unlikely to prevail on the merits.

### III. CONCLUSION

For the foregoing reasons, the plaintiff's motion for injunctive relief (Dkt. #1) is DENIED.

DATED this 13th day of June, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR PRELIMINARY INJUNCTION - 5