1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARNELL J. NELSON,

      Plaintiff,

  v.

MARK W. EVERSON, *et al.*,

      Defendants.

Case No.  C07-0707RSL

ORDER GRANTING
MOTION TO DISMISS

## I.  INTRODUCTION

      This matter comes before the Court on a motion to dismiss (Dkt. #6) filed by defendants.  Plaintiff is proceeding *pro se*.  He alleges that the defendants, who are the Commissioner and three managers of his employer, the Internal Revenue Service ("IRS"), discriminated against based on his race and disabilities, denied him accommodations, subjected him to a hostile work environment, and retaliated against him.  Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 701; and 42 U.S.C. §§ 1981 and 1981(a).  Defendants move to dismiss pursuant to Federal Rules of Civil Procedure

1   12(b)(1) and 12(b)(6).

2                                    **II.  ANALYSIS**

3   **A.      Background Facts.**

4           Plaintiff has served as an estate tax attorney for the IRS for over 28 years.

5   Plaintiff alleges that he has numerous physical impairments that substantially limit his

6   ability to perform a variety of functions.

7           Plaintiff alleges that on September 5, 2006, he was required to undergo a

8   performance improvement period ("PIP") for what the agency claimed was unacceptable

9   performance.  Plaintiff argues that his performance was acceptable.  Plaintiff has filed

10  complaints and addenda thereto with the Equal Employment Opportunity ("EEO") office

11  on February 2, 2003, March 13, 2006, October 12, 2006 and February 16, 2007.

12          In February 2004, plaintiff filed a lawsuit with this Court against the Treasury

13  Department and certain individual employees alleging discrimination and failure to

14  accommodate his alleged disabilities.  Nelson v. Snow, C04-349RSL (W.D. Wash. 2004)

15  ("Nelson I").  The Court dismissed all of plaintiff's claims in Nelson I, and plaintiff is

16  currently appealing those orders.

17          Plaintiff initiated his most recent EEO complaint on January 4, 2007.  The

18  complaint was made formal on February 16, 2007 and alleged hostile work environment,

19  retaliation, and misconduct by Carolyn Tucker and Charles Morris.  On March 16, 2007,

20  Morris issued a notice of proposed action to remove plaintiff from his IRS employment at

21  any time after April 19, 2007.

22  **B.      Dismissal.**

23          In evaluating a Rule 12(b) motion, the complaint should be liberally construed in

24  favor of the plaintiff and its factual allegations taken as true.  See, e.g., Oscar v. Univ.

25

26  ORDER GRANTING
    MOTION TO DISMISS - 2

1  Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992).  Plaintiff has not

2  responded to or opposed this motion, which the Court considers to be an admission that

3  the motion has merit.  Local Rule 7(b)(2).

4      As an initial matter, plaintiff has brought claims against various individual

5  employees, but the head of the agency is the only proper defendant for federal workplace

6  discrimination claims.  See, e.g., Johnston v. Horne, 875 F.2d 1415, 1419-20 (9th Cir.

7  1989) (explaining that the agency head was the only proper defendant for discrimination

8  claims under the Rehabilitation Act and Title VII).  For plaintiff's discrimination claims

9  in this case, the only possible properly named defendant is Mark Everson, the

10  Commissioner of the IRS.  Plaintiff, however, has not served Everson.  In fact, he has

11  served only defendant Aileen Condon with the motion, but failed to serve her with a copy

12  of the complaint as required by the Federal Rules of Civil Procedure.  Because plaintiff

13  has not properly served any of the defendants, this Court lacks jurisdiction.

14      Even if the Court had jurisdiction, dismissal would be warranted under Rule

15  12(b)(6).  Plaintiff asserts claims under 42 U.S.C. §§ 1981 and 1981(a).  As the Court

16  explained when it dismissed plaintiff's Section 1981 claims in Nelson I, the majority of

17  courts have barred Section 1981 suits against the government.  See Section 1981(c): "The

18  rights protected by this section are protected against impairment by *nongovernmental*

19  discrimination and impairment *under color of state law.*" (emphasis added).[1]

20

---

21      [1] See also Holloway v. Bentsen, 870 F. Supp. 898 (N.D. Ind. 1994) (granting

22  motion to dismiss IRS employee's Section 1981 claims against her supervisors finding
    that, as a matter of law, she could not proceed with an employment discrimination

23  complaint against other federal employees in their individual capacities); see also Davis-
    Warren Auctioneers, J.V. v. FDIC, 215 F.3d 1159 (10th Cir. 2000) ("We join the Seventh

24  and Eleventh Circuits in holding that § 1981 is inapplicable to alleged discrimination
    under color of federal law.  The language of § 1981(c) could hardly be more clear");

25

26  ORDER GRANTING
    MOTION TO DISMISS - 3

1     In addition, plaintiff has not exhausted his administrative remedies, which is a

2  prerequisite to suit under Title VII and the Rehabilitation Act.  See, e.g., Vinieratos v.

3  United States Dep't of Air Force ex rel. Aldridge, 939 F.2d 762, 769 (9th Cir. 1991).  The

4  scope of a civil action alleging employment discrimination is limited by the charge filed

5  with the EEOC.  See, e.g., Albano v. Schering-Plough Corp., 912 F.2d 384, 386 (9th Cir.

6  1990).  The failure to administratively allege a discrimination claim bars the claim.

7  Brown v. GSA, 425 U.S. 820, 832 (1976).  Plaintiff has not filed copies of his EEOC

8  complaints or described the contents thereof.  The Court will not assume that plaintiff's

9  current allegations are raised in those complaints.

10     Furthermore, among other requirements, a plaintiff may initiate a civil action only

11 if he or she has waited a minimum of 180 days from the date of his or her EEO complaint

12 before filing suit in district court.  29 C.F.R. § 1614.407.  Plaintiff filed his formal EEO

13 complaint on February 16, 2007 and filed this lawsuit on May 7, 2007.  He did not wait

14 the requisite amount of time.  Similarly, a claim must be raised administratively within

15 forty-five days of the alleged retaliatory event.  29 C.F.R. § 1614.105(a)(1).  Although

16 plaintiff alleges that the notice of proposed action to remove him from his employment

17 was retaliatory, there is no evidence that he raised that allegation with the EEOC.

18 Accordingly, plaintiff has failed to exhaust his administrative remedies.

19                              **III.  CONCLUSION**

20     For all of the foregoing reasons, the Court GRANTS defendants' motion to

21 dismiss (Dkt. #6) and dismisses plaintiff's claims against defendants without prejudice.

22 The Clerk of the Court is directed to enter judgment in favor of defendants and against

23

24 Espinueva v. Garrett, 895 F.2d 1164, 1165 (7th Cir. 1990) ("Section 1981 does not apply

25 to employment discrimination cases involving the federal government").

26 ORDER GRANTING
   MOTION TO DISMISS - 4

1 | plaintiff.

2

3 |     DATED this 29th day of June, 2007.

4

5

6 |     _Robert S. Lasnik_
    Robert S. Lasnik

7 |     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 | ORDER GRANTING
MOTION TO DISMISS - 5